OPINION
{¶ 1} Appellant Jacqueline Patterson appeals a judgment of the Stark County Common Pleas Court, Domestic Relations Division, finding her in contempt of court for denying appellee Rory Patterson his parenting time rights with the parties' minor daughter:
 {¶ 2} "The evidence does not support a finding of contempt of the court's visitation order.
 {¶ 3} "Failure to allow appellant to purge her alleged contempt."
 {¶ 4} The parties were married on October 13, 1984. One child was born as issue of the marriage. On October 2, 1996, the parties filed a petition for Dissolution of Marriage and a Separation Agreement. The parties' marriage was dissolved on November 13, 1996. Pursuant to the Separation Agreement, appellant was designated residential parent of their daughter, Megan, and appellee was to enjoy Schedule A visitation.
 {¶ 5} On December 5, 2001, appellee filed a motion to show cause. In the motion and the accompanying affidavit, appellee alleged that appellant denied him visitation on six separate occasions. The case proceeded to an evidentiary hearing.
 {¶ 6} Following the hearing, the court found that appellant had denied appellee visitation on three occasions: December 18, 1998; July 25, 2001; and October 19, 2001. Appellant was found in contempt of court, and sentenced to ten days incarceration, suspended on condition that she comply with court-ordered parenting time. She was ordered to pay $1440 in attorney fees, plus court costs.
 I {¶ 7} Appellant argues that the court abused its discretion in finding her in contempt of court concerning the visitation order. Appellant argues that the problems concerning visitation were caused by appellee.
 {¶ 8} Appellee presented evidence that on December 18, 1998, he and his current spouse, Shelly Patterson, were to pick up Megan at a bowling alley at 6:00 p.m. Following an argument between appellant and appellee, appellant would not permit appellee to visit with Megan. Appellee's spouse testified that appellant yelled that appellee would "not be taking her." Appellant claimed that on the date in question, appellee told her that he and his wife had a Christmas party to attend for adults only, and would not be picking up Megan. She testified that she made other plans, but then appellee changed his mind, and an argument ensued.
 {¶ 9} Appellee presented evidence that on July 25, 2001, he phoned his wife and informed her he was experiencing car difficulties, and asked her to pick up Megan. She telephoned appellant to notify her of the problem, and said she would pick up Megan. Appellant informed Mrs. Patterson, "Then I guess he doesn't get to see her then."
 {¶ 10} On October 19, 2001, Megan telephoned appellee to inform him that she did not want to visit. However, appellee drove to appellant's residence to pick her up. Following a conversation between Megan and appellee, Megan went back into the home. Appellant telephoned the police. After the police spoke to both Megan and appellee, the police asked appellee to leave. Appellent argues that she should not be held responsible for this incident, as she encouraged Megan to go with her father, and she should not be held responsible for Megan's refusal to go with appellee.
 {¶ 11} It is apparent from the record that appellee presented evidence that appellant denied him visitation on the three occasions for which the court found appellant in contempt. While appellant presented a different scenario as to what occurred on the dates in question, the trial court is in a better position than the reviewing court to judge the credibility of witnesses. E.g., Myers v. Garson (1993), 55 Ohio St.3d 610,614. Appellant has not demonstrated that the court abused its discretion in finding that she denied appellee visitation on the three dates in question.
 {¶ 12} The first assignment of error is overruled.
 II {¶ 13} Appellant argues that the court erred in failing to allow her the opportunity to purge the $1440 in attorney fees plus court costs assessed in the instant case.
 {¶ 14} In the instant matter, the award of attorney fees and costs was not a sanction for contempt of court, which appellant must be given the opportunity to purge. Rather, the sentence of incarceration which was suspended by the court was the sanction for contempt.
 {¶ 15} According to R.C. 3109.051(K), if a person is found in contempt of court for failing to comply with visitation rights, the court shall assess all costs arising out of the contempt proceeding against that person, and require the person to pay any reasonable attorney fees of any adverse party that arose in relation to act of contempt. Pursuant to the statute, the court was not required to afford appellant an opportunity to purge the award of attorney fees and court costs.
 {¶ 16} The second assignment of error is overruled.
 {¶ 17} The judgment of the Stark County Common Pleas Court is affirmed.
Gwin, P.J., Farmer, J., and Wise, J., concur.